UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

Wilmer F. Gomez,
and other similarly
situated individuals,

      Plaintiff(s),

v.

Shalom Home Renovation Inc,
Lesvia M. Lopez, and
Jairo R. Lopez, individually,

      Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Wilmer F. Gomez and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Shalom Home Renovation Inc, Lesvia M. Lopez, and Jairo R. Lopez, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff Wilmer F. Gomez is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Shalom Home Renovation Inc (from now on Shalom Home Renovations, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Miami-Dade County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendants, Lesvia M. Lopez and Jairo R. Lopez, were and are now, now the owners/partners/officers and managers of Defendant corporation Shalom Home Renovations. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Wilmer F. Gomez as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2020, (the "material time") without being adequately compensated.

7. Defendant Shalom Home Renovations was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction and roofing company that provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the

production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8.   Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9.   Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez employed Plaintiff Wilmer F. Gomez as a non-exempted, full-time construction laborer from approximately March 15, 2020, to January 07,  2023, or  147 weeks.

10.  During the relevant period, Plaintiff performed as a  construction worker, and he was paid a daily rate of $170.00.

11.  While Plaintiff was employed by Defendants, he worked six days per week, from Monday to Saturday, from 8:00 AM to 7:00 PM (11 hours daily),  or a total of 60 hours weekly. Plaintiff has already deducted 6 hours corresponding to one hour of lunchtime during six days.

12.  Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

13. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

16. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours.

17. Plaintiff complained several times to his manager Jairo R. Lopez about unpaid overtime wages. Plaintiff also complained about the irregular payment of wages. Plaintiff received partial payments.

18. On or about January 07, 2023, Plaintiff complained about the lack of payment for the week. As a result, Defendants fired Plaintiff.

19. At the time of his termination, Defendants did not pay Plaintiff his wages corresponding to the current week plus three accumulated weeks,  or a total of four weeks ($170.00 x 6 days=$1,020.00 weekly x 4 weeks=$4,080.00).

20. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

21. At times mentioned, individual Defendants Lesvia M. Lopez and Jairo R. Lopez were, and are now, the owners/partners/managers of Shalom Home Renovations. Defendants Lesvia M. Lopez and Jairo R. Lopez were the employers of Plaintiff and others similarly situated

within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Shalom Home Renovations' interests concerning its employees, including Plaintiff and others similarly situated. Defendants Lesvia M. Lopez and Jairo R. Lopez had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

22. Plaintiff Wilmer F. Gomez seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

26. Plaintiff Wilmer F. Gomez re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This cause of action is brought by Plaintiff Wilmer F. Gomez as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and

reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2020, (the "material time") without being adequately compensated.

28. Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez employed Plaintiff Wilmer F. Gomez as a non-exempted, full-time construction laborer from approximately March 15, 2020, to January 07, 2023, or 147 weeks.

29. During the relevant period, Plaintiff performed as a construction worker, and he was paid a daily rate of $170.00.

30. While Plaintiff was employed by Defendants, he worked six days per week, from Monday to Saturday, from 8:00 AM to 7:00 PM (11 hours daily), or a total of 60 hours weekly. Plaintiff has already deducted 6 hours corresponding to one hour of lunchtime during six days.

31. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

32. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Plaintiff worked under the supervision of the owner of the business Jairo R. Lopez. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

33. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

35. Plaintiff was fired on or about January 07, 2023, after he complained about unpaid wages.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

39. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty-Four Thousand Nine Hundred Ninety Dollars and 00/100 ($24,990.00)

    b.  <u>Calculation of such wages</u>:

       Total period of employment: 147 weeks
       Relevant weeks of employment:  147 weeks
       Total number of hours worked: 60 hours weekly
       Total number of unpaid O/T hours: 20 O/T hours
       Daily rate: $170.00 per day x 6 days=$1,020.00 weekly:60 hours=$17.00
       Regular rate: $17.00 x 1.5=$25.50-$17.00 O/T rate paid=$8.50 O/T difference
       Half-time: $8.50 an O/T hour

       Half-time $8.50 x 20 O/T hours=$170.00 weekly x 147 weeks=$24,990.00

      c.   <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents unpaid half-time overtime wages.[1]

40. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Wilmer F. Gomez and those similarly situated respectfully request that this

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Honorable Court:

    A.  Enter judgment for Plaintiff Wilmer F. Gomez and other similarly situated individuals and against the Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

    B.  Award Plaintiff Wilmer F. Gomez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

    E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Wilmer F. Gomez demands a trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

44. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-25 of this Complaint as if set out in full herein.

45. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is

employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day, and

      (C) $7.25 an hour, beginning 24 months after that 60th day.

46. Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez employed Plaintiff Wilmer F. Gomez as a non-exempted, full-time construction laborer from approximately March 15, 2020, to January 07, 2023, or 147 weeks.

47. During the relevant period, Plaintiff performed as a construction worker, and he was paid a daily rate of $170.00.

48. While Plaintiff was employed by Defendants, he worked six days per week, from Monday to Saturday, a total of 60 hours weekly. Plaintiff has already deducted 6 hours corresponding to one hour of lunchtime during six days.

49. Plaintiff worked 60 hours weekly, but Defendants did not pay Plaintiff his wages timely on the payment day. Plaintiff received partial payments.

50. On or about January 07, 2023, Plaintiff complained about the lack of payment for the week. As a result, Defendants fired Plaintiff.

51. At the time of his termination, Defendants did not pay Plaintiff his wages corresponding to the current week plus three accumulated weeks, or a total of four weeks ($170.00 x 6 days=$1,020.00 weekly x 4 weeks=$4,080.00).

52. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

53. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Plaintiff worked under the supervision of the business owner Jairo R. Lopez. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

54. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

55. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

56. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

57. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

59. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Two Thousand Six Hundred Forty Dollars and 00/100 ($2,640.00)

      b.  <u>Calculation of such wages</u>:

        Total period of employment: 147 weeks
        Total number of unpaid weeks: 4 weeks
        Total number of unpaid hours: 60 hours weekly
        Fl Minimum wage 2022-2023: $11.00

        $11.00 x 60  hours=$660.00 weekly x 4 weeks= $2,640.00

      c.  <u>Nature of wages:</u>

        This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

60. Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez unlawfully failed to pay minimum wages to Plaintiff.

61. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

62. Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

63. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Wilmer F. Gomez respectfully requests that this Honorable Court:

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

A.  Enter judgment for Plaintiff and against the Defendants Shalom Home Renovations and Lesvia M. Lopez and Jairo R. Lopez based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Wilmer F. Gomez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

64. Plaintiff Wilmer F. Gomez re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

65. Defendant Shalom Home Renovations was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

66. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

67. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

68. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

69. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

70. Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez employed Plaintiff Wilmer F. Gomez as a non-exempted, full-time construction laborer from approximately March 15, 2020, to January 07,  2023, or  147 weeks.

71. During the relevant period, Plaintiff performed as a  construction worker, and he was paid a daily rate of $170.00.

72. While Plaintiff was employed by Defendants, he worked six days per week, a total of 60 hours weekly.

73. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked every week, but he was not paid for overtime hours, as required by law.

74. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

75. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

76. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

77. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours, and he complained several times to his manager Jairo R. Lopez. Plaintiff also complained about the irregular payment of wages. Plaintiff always received partial payments.

78. On or about January 07, 2023, Plaintiff did not receive his pay for the week, and he complained to the owner of the business Jairo R. Lopez. Plaintiff also complained about the lack of payment for overtime hours.

79.  This complaint constituted protected activity under the FLSA.

80. However, as a result of Plaintiff's complaints, Defendants fired Plaintiff the same day, on January 07, 2023.

81. At the time of his termination, Defendants did not pay Plaintiff his wages corresponding to the current week plus three accumulated weeks,  or a total of four weeks ($170.00 x 6 days=$1,020.00 weekly x 4 weeks=$4,080.00).

82. There was a substantial number of hours that were not paid at any rate, not even at the minimum wage rate, as required by law.

83. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

84. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

85. There is close proximity between Plaintiff's protected activity and his termination.

86. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

87. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

88. Plaintiff Wilmer F. Gomez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Wilmer F. Gomez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez  that Plaintiff Wilmer F. Gomez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Wilmer F. Gomez further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Wilmer F. Gomez demands a trial by a jury of all issues triable as a right by a jury.

## COUNT IV
## UNPAID WAGES  (COMMON LAW) – 448.08
## AGAINST ALL DEFENDANTS

89. Plaintiff Wilmer F. Gomez re-adopts every factual allegation as stated in paragraphs 1-21
    above as if set out in full herein.

90. At all times material hereto, Plaintiff was an employee of the Corporate Defendant Shalom
    Home Renovations and the individual Defendants Lesvia M. Lopez and Jairo R. Lopez.

91. Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez employed
    Plaintiff Wilmer F. Gomez as a full-time, non-exempted construction worker from
    November March 15, 2020, to January 07, 2023, or 147 weeks.

92. At the time of his hiring, Defendants offered Plaintiff as compensation for his work a daily
    wage rate of $170.00 x six days of work, or $1,020 weekly.

93. Plaintiff worked six days per week, 60 hours weekly, but he was not paid timely, and he
    always received partial payments.

94. Plaintiff complained several times to the owner of the business Jairo R. Lopez. Plaintiff
    complained about the late payments and the lack of payment for overtime hours.

95. On or about January 07, 2023, Plaintiff complained because he did not receive his wages
    for the week.

96. However, as a result of Plaintiff's complaints, Defendants fired Plaintiff the same day, on
    January 07, 2023.

97. At the time of his termination, Defendants did not pay Plaintiff his wages corresponding to
    the current week plus three accumulated weeks,  or a total of four weeks ($170.00 x 6
    days=$1,020.00 weekly x 4 weeks=$4,080.00).

98. Therefore, Defendants willfully did not pay Plaintiff for the full value of his work and services, as promised and required by law.

99. This is an action in common law.

100.    Plaintiff Wilmer F. Gomez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Wilmer F. Gomez  respectfully requests that this Honorable Court enter a judgment against Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez that :

A.  Award the Plaintiff Wilmer F. Gomez  unpaid wages found to be due and owing;

B.  Award the Plaintiff prejudgment interest;

C.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

D.  Order such other relief as this Court deems just and equitable.

<u>Demand for a Jury Trial</u>

Plaintiff Wilmer F. Gomez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT V:**
**BREACH OF EMPLOYMENT CONTRACT**
**AGAINST ALL DEFENDANTS**

101.    Plaintiff re-states and re-alleges paragraphs 1-21 as if set forth in full herein.

102.    On or about November March 15, 2020, Plaintiff Wilmer F. Gomez and Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez entered into a contract

(hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendant as a full-time, non-exempted construction worker.

103.    Plaintiff worked for Defendants from March 15, 2020, to January 07, 2023, or 147 weeks.

104.    Defendants entered into an employment contract with Plaintiff Wilmer F. Gomez by agreeing to pay Plaintiff for the full value of his work and services.

105.    At the time of his hiring, Defendants offered Plaintiff as compensation for his work a daily rate of $170.00 for six working days or $1,020.00 weekly.

106.    Plaintiff worked regularly and consistently six days per week, 60 or more hours.

107.    However, Defendants paid Plaintiff late and with partial payments.

108.    Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of six days with 60 working hours weekly.

109.    Therefore, Defendants willfully failed to pay Plaintiff for the full value of his work and services, as promised and required by law.

110.    On or about Saturday 07, 2023, Plaintiff complained to the business owner Jairo R. Lopez because he did not receive his payment for the week.

111.    As a result of Plaintiff's complaints, Defendants fired Plaintiff the same day.

112.    At the time of his termination, Defendants did not pay Plaintiff his wages corresponding to the current week plus three accumulated weeks,  or a total of four weeks ($170.00 x 6 days=$1,020.00 weekly x 4 weeks=$4,080.00).

113.    There is a substantial number of days/weeks that were not compensated at any rate, according to the contract.

114.     At all times during his employment, Plaintiff fulfilled his obligations under the contractual agreement entered into with Defendants. Plaintiff performed and excelled at the essential functions of his position.

115.     However, Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez breached their contract with Plaintiff by failing to pay Plaintiff wages corresponding to four weeks of six days with 60 working hours each.

116.     Plaintiff was not paid as promised and outlined in their contractual agreement.

117.     Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez breached their contract with Plaintiff Wilmer F. Gomez by failing to pay him wages for the total amount of Four Thousand Eighty Dollars and 00/100 ($170.00 x 6 days=$1,020.00 weekly x 4 weeks=$4,080.00).

118.     As a result of the Defendants' breach, Plaintiff Wilmer F. Gomez has suffered actual, consequential, and incidental damages.

119.     Defendants' conduct is in breach of the employment contract and the good faith and fair dealing found in every contract, including the contract entered into between Plaintiff Wilmer F. Gomez and Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez.

120.     Plaintiff Wilmer F. Gomez is entitled to damages as a result of Defendant's breach of contract, as further stated above.

121.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Wilmer F. Gomez  respectfully requests that this Honorable Court enter a

judgment against Defendants Shalom Home Renovations, Lesvia M. Lopez, and Jairo R. Lopez,

that :

    A.  Award the Plaintiff Wilmer F. Gomez  unpaid wages found to be due and owing;

    B.  Award the Plaintiff prejudgment interest;

    C.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08;
      and

    D.  Order such other relief as this Court deems just and equitable.

<u>Demand for a Jury Trial</u>

Plaintiff Wilmer F. Gomez demands trial by a jury of all issues triable as a right by a jury.

Date:  January 31, 2023

                                  Respectfully submitted,

                                  By:  **/s/ Zandro E. Palma**
                                  ZANDRO E. PALMA, P.A.
                                  Florida Bar No.: 0024031
                                  9100 S. Dadeland Blvd.
                                  Suite 1500
                                  Miami, FL 33156
                                  Telephone: (305) 446-1500
                                  Facsimile:  (305) 446-1502
                                  zep@thepalmalawgroup.com
                                  *Attorney for Plaintiff*